AO 106 (Rev. 7/87) Affidavit for Search Warrant

# United States District Court

FILED
08 JAN 24 AM 9:33
CLERK. U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

**SOUTHERN** DISTRICT OF **CALIFORNIA**

In the Matter of the Search of

(Name, address or brief description of person or property to be searched)

**Premises known as:**
One black Cannon Digital Camera SN: 4627301868; one Sanyo cell phone, model SCP-3100, DEC: 00601128772; one Kyocera cell phone, blue in color, model 3G CDMA, ID: 03409440945; one Motorola cell phone, model i860, SN: 364YEW5C5V; one LG cell phone, model C1500, SN: 512QLH2605560-CGR-P64; one LG cell phone, model C1500, SN: 509CQEA401804-CGR-P64; one Motorola cell phone, model i415, SN: 364VHG4XRO; one Motorola cell phone, model i215, SN: 364KFG0XRQ; one Panasonic cell phone, model EB-TX320ASW, ESN: 19306677759.

**APPLICATION AND AFFIDAVIT FOR SEARCH WARRANT**

CASE NUMBER: **'08 MJ 0206**

I _____ **Sonny Kilmer** _____ being duly sworn depose and say:

I am a(n) **Special Agent, U.S. Immigration and Customs Enforcement** and have reason to believe

that ☐ on the person of or ☒ on the property or premises known as (name, description and/or location)

One black Cannon Digital Camera SN: 4627301868; one Sanyo cell phone, model SCP-3100, DEC: 00601128772; one Kyocera cell phone, blue in color, model 3G CDMA, ID: 03409440945; one Motorola cell phone, model i860, SN: 364YEW5C5V; one LG cell phone, model C1500, SN: 512QLH2605560-CGR-P64; one LG cell phone, model C1500, SN: 509CQEA401804-CGR-P64; one Motorola cell phone, model i415, SN: 364VHG4XRO; one Motorola cell phone, model i215, SN: 364KFG0XRQ; one Panasonic cell phone, model EB-TX320ASW, ESN: 19306677759.

In the **SOUTHERN** District of **CALIFORNIA**
there is now concealed a certain person or property, namely (describe the person or property to be seized)
    Attachment A
Which is: (state one or more bases for search and seizure set forth under Rule 41(b) of the Federal Rules of Criminal Procedure)
    Fruits, evidence, and instrumentalities of crimes against the United States,

Concerning a violation of Title **18** United States code, Section(s) **1591**

The facts to support a finding of Probable Cause are as follows:

See Attached Affidavit

Continued on the attached sheet and made a part hereof.   ☒ Yes   ☐ No

Signature of Affiant

Sworn to before me, and subscribed in my presence

1/23/08                                      at   San Diego, California
Date                                              City and State

Jan M. Adler, US Magistrate Judge
Name and Title of Judicial Officer              Signature of Judicial Officer

CPT

FILED

08 JAN 24 AM 9:35

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the Matter of the Search of<br><br>one black Canon Digital Camera, SN:4627301868;<br><br>one Sanyo cellular telephone, model SCP-3100, DEC: 00601128772, number 760-978-1303;<br><br>one Kyocera cellular telephone, model 3G CDMA, ID: 03409440945, number unknown;<br><br>one Motorola cellular telephone, model i860, SN: 364YEW5C5V, number unknown;<br><br>one LG cellular telephone, model C1500, SN: 512QLH2605560-CGR-P64, number unknown;<br><br>one LG cellular telephone, model C1500, SN: 509CQEA401804-CGR-P64, number unknown;<br><br>one Motorola cellular telephone, model i415, SN: 364VHG4XRO, number 760-712-1953;<br><br>one Motorola cellular telephone, model i215, SN: 364KFG0XRQ, number 760-908-0919;<br><br>one Panasonic cellular telephone, model EB-TX320ASW, ESN: 19306677759, number unknown. | Case No. _____ '08 MJ 0206<br><br>AFFIDAVIT IN SUPPORT OF APPLICATION |

//
//
//
//
//

I.

PRELIMINARY MATTERS

I, Sonny L. Kilmer, Special Agent (SA), Immigration and Customs Enforcement (ICE), being duly sworn, state:

1. I am a Special Agent with the Bureau of Immigration and Customs Enforcement (ICE), office of Investigations, Human Trafficking Division in San Diego, California. I am a Federal Law Enforcement Officer within the meaning of Rule 41(a)(2)(C), Federal Rules of Criminal Procedure and have been a Federal Law Enforcement Officer since August, 1997. I am authorized by Rule 41(a), Federal Rules of Criminal Procedure to make applications for search and seizure warrants and serve arrest warrants pursuant to Rule 4(a) and (c)(1), Federal Rules of Criminal Procedure.

2. I have experience and have received training with respect to conducting investigations of civil and criminal violations of Titles 8, 18, 19, 21, 26, 31, and 46 of the United States Code. My training and experience includes investigations of human trafficking, alien smuggling, financial fraud, money laundering, counterfeit and narcotics interdiction.

3. Human Trafficking is defined under Title 18 of the U.S. Code as the recruitment, harboring, transportation, provision, or obtaining of a person (regardless of citizenship or immigration status) for labor or services, through the use of force, fraud, or coercion/extortion for the purpose of subjecting a victim to involuntary servitude, peonage, debt bondage or slavery; or sex trafficking in which a commercial sex act is induced by force, fraud, or coercion, or in which the person induced to perform such act has not attained 18 years of age.

4. I have personal knowledge of the matters set out in this affidavit. To the extent that any information in this affidavit is not within my personal knowledge, it was made known to me through my own review of the documents discussed herein, interviews of witnesses, investigative reports, and reliable law enforcement sources, including consultation with other law enforcement agents, and I believe it to be true. Because this affidavit is being submitted for the limited purpose of establishing probable cause to support the issuance of a search warrant, it does not include all the facts that have been learned during the course of investigation.

5. It is my experience, and the experience of many of the law enforcement officers with

whom I have worked, that human trafficking in general, and sex trafficking in particular, generates many types of evidence pertaining perpetrators, victims, and prostitution clients, including data from mobile telephones and cameras. Such data may include, among other things, names; photographs; text-messages; phone numbers; and, communications regarding initial agreements for services, time and place arrangements for services, payment for services, and notification of the beginning and completion times of services. This evidence may be obtained or deduced from the following:

a) the telephone number and/or name and identity assigned to the telephone, and/or subscriber information;

b) telephone numbers, and/or names and identities stored in the directory;

c) telephone numbers dialed from the telephone;

d) other telephone numbers stored in the telephone's memory including, but not limited to, received, missed and incomplete calls, time of calls, length of calls;

e) information in the stored memory and/or accessed by the telephone, including, but not limited to, text messages, voice messages, and memoranda; and,

f) digital information stored within digital cameras, including, but not limited to, photographs, video, voice recordings, voice notes, calendar information.

## II.

## PURPOSE OF AFFIDAVIT

6. This affidavit is submitted in support of the application for the issuance of a search warrant for the stored memory, active digital display, and all other electronic features of the following items which were removed from the person of James Antonio BROWN, incident to his arrest on December 28, 2007, by San Diego Police Department detectives and ICE special agents:

- one black Canon Digital Camera, SN:4627301868;

- one Sanyo cellular telephone, model SCP-3100, DEC: 00601128772, number 760-978-1303;

- one Kyocera cellular telephone, model 3G CDMA, ID: 03409440945, number unknown;

- one Motorola cellular telephone, model i860, SN: 364YEW5C5V, number unknown;

- one LG cellular telephone, model C1500, SN: 512QLH2605560-CGR-P64, number unknown;

- one LG cellular telephone, model C1500, SN: 509CQEA401804-CGR-P64, number unknown;

3

- one Motorola cellular telephone, model i415, SN: 364VHG4XRO, number 760-712-1953;
- one Motorola cellular telephone, model i215, SN: 364KFG0XRQ, number 760-908-0919;
- one Panasonic cellular telephone, model EB-TX320ASW, ESN: 19306677759, number unknown.

## III.

## DIGITAL DATA SEARCH PROTOCOL

7.   Special Agents from the ICE Human Trafficking Division will deliver the seized items identified above to the San Diego ICE Digital Forensics Unit (DFU) for analysis. Because digital mobile telephones do not have hard drives and do not store information in a volatile memory, they must be activated by a Digital Forensic Agents (DFA) at the DFU. The DFA will attempt to determine any necessary personal identification numbers required to activate the telephones in order to retrieve data stored therein. Examinations may be delayed in the absence of an appropriate charging device for the individual telephones. The DFA may be required to manually examine the telephones and their respective functions and record their findings utilizing digital photography. Because this process is time and labor intensive, and dependent upon the workload and availability of certified DFA's, the examination process may require several weeks.

## IV.

## BACKGROUND

8.   Affiant believes that the above-listed items were used in, and provide evidence of, criminal activity, including a violation of Title 18, United States Code, Section 1591, which provides, in relevant part:

> *(a) Whoever knowingly ... in or affecting interstate or foreign commerce, ... recruits, entices, harbors, transports, provides, or obtains by any means a person ... knowing that force, fraud, or coercion ... will be used to cause the person to engage in a commercial sex act, or that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act, shall be punished as provided in subsection (b).*

The elements of this offense are as follows:

1) *the defendant knowingly recruits, entices, harbors, transports, provides, or obtains by any means a person;*

2) *the defendant knows that the person has not attained the age of 18 years;*

3) *the defendant knows the person will be caused to engage in a commercial sex act; and,*

4) *the offense is in or affecting interstate or foreign commerce.*

Intrastate conduct may constitute evidence that the offense "is in or affecting interstate or foreign commerce." See United States v. Evans, 476 F.3d 1176, 1178-79 (11th Cir. 2007) (recognizing Congress' authority to generally regulate intrastate conduct that substantially affects interstate commerce, and human trafficking in particular). Requisite evidence may be considered in the aggregate and may include the use of hotels that serve interstate travelers, the use of condoms that traveled in interstate commerce, and the use of telephones in the commission of the offenses even without evidence that the calls were routed through an interstate system. Id. at 1179-81.

Affiant's belief that evidence of criminal activity will be found within the above-listed items is supported by the following known facts.

9. On December 26, 2007, at approximately 9:00 p.m., San Diego Police Department (SDPD) officers and detectives conducted a vehicle stop on a black Nissan Maxima, bearing California license plate number 5FSV799 ("Nissan"), for expired registration and driving in excess of the speed limit. Upon stopping the Nissan, SDPD officers identified the driver, James Antonio BROWN (DOB:02/06/1973), and two juvenile female passengers, Rosita MOI MOI (DOB:11/16/1991) and Camerie PHELPS (DOB: 05/05/1994). SDPD officers identified BROWN as a person of interest in an Oceanside Police Department (OPD) investigation.

10. SDPD officers interviewed the two juvenile passengers while awaiting the arrival of an OPD officer to execute an outstanding warrant pertaining to BROWN. MOI MOI told officers she was working as a prostitute. PHELPS initially denied any involvement with prostitution.

11. The undersigned and others responded to the scene. BROWN was released pending further investigation. The two juveniles were transported to SDPD Western Division for further questioning and their recovery by family or guardians.

5

12. At the SDPD station, SDPD Vice detectives interviewed MOI MOI, who provided the following.

    a. MOI MOI defined "prostitution" as the selling of one's body for money. MOI MOI admitted she had been performing acts of prostitution since October, 2007, and paid BROWN a portion of the proceeds she had earned from prostitution.

    b. MOI MOI initially told BROWN that she was 18 years-old, but truthfully told him she was only sixteen 16 years-old on her birthday, November 16, 2007. BROWN told MOI MOI that he could get in to a lot of trouble for being with her [sexually] because she was a juvenile, but continued to have sexual intercourse with her and to employ her in prostitution.

    c. BROWN instructed MOI MOI how to work as a prostitute shortly after their first meeting. BROWN provided protection of MOI MOI from other pimps while she worked in prostitution. BROWN protected MOI MOI several times by telling other pimps that he was a Deep Valley Crip (an Oceanside street gang). Thereafter, the other pimps would not harass MOI MOI.

    d. On most nights when BROWN employed MOI MOI in prostitution, he would transport her in his vehicle from Oceanside, California to various locations on El Cajon Boulevard in San Diego, California.

    e. MOI MOI learned what to charge from other persons also offering prostitution at that location. MOI MOI charged $100.00 for sexual intercourse and $60.00 for oral sex.

    f. MOI MOI and BROWN often stayed overnight in hotels/motels located on El Cajon Boulevard. BROWN often rented rooms in his name, but paid for the rooms from the proceeds of MOI MOI's prostitution activity. MOI MOI and BROWN most frequently rented and stayed in rooms at the La Cresta Motel, 4980 El Cajon Boulevard, San Diego, and the Berkshire Motel, 2502 El Cajon Boulevard, San Diego.

    g. MOI MOI met and befriended Camerie PHELPS, while working on El Cajon Boulevard. MOI MOI introduced PHELPS to BROWN. BROWN and MOI MOI began to recruit PHELPS to work in prostitution. PHELPS agreed to work in prostitution for BROWN in exchange for shelter and protection. MOI MOI stated that BROWN knew PHELPS was young, but didn't know her exact age.

1         h.    BROWN gave MOI MOI a spare key to his vehicle in order for her and PHELPS to leave money earned from prostitution. MOI MOI stated that BROWN took her and PHELPS shopping for clothes to wear while prostituting.

      13.    At the conclusion of her interview, MOI MOI, under the direction of detectives, placed a consensual telephone call to BROWN. MOI MOI informed BROWN that she was "done working" and that she was "going home." BROWN told her "OK," and told her to call him if she needed anything.

      14.    SDPD Vice Detectives also interviewed PHELPS at the SDPD station. PHELPS provided the following.

        a.    PHELPS defined "prostitution" as the selling of your body for money. PHELPS defined "pimp" as the person you give all your money to for protection from other pimps while prostituting. PHELPS admitted she had worked in prostitution for BROWN since November, 2007.

        b.    PHELPS met MOI MOI on El Cajon Boulevard after running away from home. MOI MOI invited PHELPS to stay with her and BROWN. After approximately one week, PHELPS agreed to work in prostitution. MOI MOI and BROWN instructed PHELPS how to work as a prostitute, including how to look out for undercover law enforcement.

        c.    PHELPS gave the proceeds she earned in prostitution to BROWN. PHELPS intermittently left the proceeds in BROWN'S car while she was working, as he had instructed. BROWN took her and MOI MOI to shop for clothing to wear for working in prostitution.

        d.    PHELPS stated that BROWN knew that she was only 13 years-old because she had told him.

        e.    BROWN gave PHELPS a mobile telephone to use while working on El Cajon Boulevard, but the telephone was stolen by another pimp shortly after she received it.

      15.    On December 28, 2007, at approximately 7:10 p.m., SDPD Detectives and ICE Special Agents arrested BROWN on El Cajon Boulevard in San Diego. At the time of his arrest, BROWN was standing next to his vehicle, the Nissan identified above. Arresting officers obtained the above-listed items to be searched from the VEHICLE subsequent to BROWN's arrest. [JMA]

I BELIEVE THAT EVIDENCE OBTAINED FROM THE SEARCH OF SAID CELLULAR PHONES will SHOW COMMUNICATION BETWEEN BROWN AND MOIMOI, PHELPS THAT WAS USED TO CONDUCT ILLEGAL ACTIVITY IN VIOLATION OF 18 USC 1591. EVIDENCE OBTAINED FROM THE CANON CAMERA will PROVIDE EVIDENCE OF BROWN'S RELATIONSHIP AND CONTROL OF MOIMOI AND PHELPS IN VIOLATION OF 18 USC 1591.

[signature] JMA

16. Other items found within the Nissan include two receipts for the El Rio Motel, San Diego; a box containing five Trojan-brand condoms, manufactured outside of California. Within BROWN'S pants pockets were an additional receipt for the El Rio Motel and an additional Trojan-brand condom.

17. Arresting officers obtained BROWN's consent to view the digital contents of the camera found within the Nissan. Stored on the camera were several photographs of MOI MOI, PHELPS, and unknown men displaying gang signs. The camera also contained four videos. One video portrayed MOI MOI on a bed wearing shorts, lifting her buttocks and pivoting her waist as if she were performing a sex act. BROWN admitted taking the video.

18. In a second video, MOI MOI was seen sitting on PHELPS' lap, facing PHELPS, and making a grinding motion of her crotch area on PHELP's leg. BROWN again admitted taking the video.

19. On December 28, 2007, arresting officers advised BROWN of his <u>Miranda</u> rights at SDPD Headquarters. BROWN waived his rights and agreed to make a statement. BROWN provided the following:

    a. BROWN identified MOI MOI and PHELPS from photographs. BROWN met MOI MOI at a party in Oceanside in October, 2007, at which time he split with her the rental of at the Super 8 motel in Hotel Circle (Mission Valley, San Diego).

    b. BROWN gave a mobile telephone to MOI MOI.

    c. BROWN stood up for MOI MOI one evening on El Cajon Boulevard when two men were harassing her. BROWN explained, "I do not let anyone harass women when I am with them."

    d. BROWN met PHELPS while staying at different hotels with MOIMOI. BROWN first saw PHELPS on El Cajon Boulevard.

    e. BROWN admitted knowing PHELPS was young, "because she looked younger than my daughter," and PHELPS told him she was 14 years-old.

//
//

## IV.

## CONCLUSION

20. Based on the above information and observations, I believe that there is probable cause to search the data and information within the items listed above in Paragraph 6. The search is for evidence relating to violations of Title 8, United States Code, Section 1591, including evidence that commercial sex acts of persons under 18 years-old were in and affecting interstate or foreign commerce.

21. Having signed this affidavit under oath, the affiant states that its contents are true and correct to the best of my knowledge, information and belief.

It is further requested that this application and affidavit and warrant be sealed due to an ongoing investigation.

FURTHER AFFIANT SAYETH NAUGHT

DATE: 1/23/08

SONNY L. KILMER
Special Agent, ICE

SWORN TO BEFORE ME AND
SUBSCRIBED IN MY PRESENCE:

DATE: 1/23/08

SIGNATURE: _____
U.S. Magistrate ~~Court~~ Judge
San Diego, California

## ATTACHMENT A

One black Canon Digital Camera SN: 4627301868; one Sanyo cellular telephone, model SCP-3100, DEC: 00601128772, number 760-978-1303; one Kyocera cellular telephone, blue in color, model 3G CDMA, ID: 03409440945, number unknown; one Motorola cellular telephone, model i860, SN: 364YEW5C5V, number unknown; one LG cellular telephone, model C1500, SN: 512QLH2605560-CGR-P64, number unknown; one LG cellular telephone, model C1500, SN: 509CQEA401804-CGR-P64, number unknown; one Motorola cellular telephone, model i415, SN: 364VHG4XRO, number 760-712-1953; one Motorola cellular telephone, model i215, SN: 364KFG0XRQ, number 760-908-0919; one Panasonic cellular telephone, model EB-TX320ASW, ESN: 19306677759, number unknown; which were removed as evidence from the person of James Antonio BROWN incident to his arrest on December 28, 2007.

## ATTACHMENT B

### ITEMS TO BE SEIZED

a. the telephone number and name/identity assigned to the telephone;

b. telephone numbers, names, and identities stored in the directory;

c. telephone numbers dialed from the telephone;

d. all other telephone numbers stored in the telephone's memory (including, but not limited to: received, missed and incomplete calls);

e. any other electronic information in the stored memory and/or accessed by the telephone (including, but not limited to: text messages, voice messages, and memoranda);

f. any electronic photographs, voice recordings, voice notes, calendar information; and

g. all subscriber information; and

h. any digitally stored images saved on one Canon Digital camera.

— All of the above evidencing or relating to violations of Title 18 USC 1591.